**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CESAR AND GRACIELA CONTRERAS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. __________** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S AND KEVIN YOUNG,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANT ALLSTATE TEXAS LLOYD'S NOTICE OF REMOVAL**

---

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Texas Lloyd's in Cause No. 2016DCV2777, pending in the County Court of Law No. 3 of El Paso County, Texas, files this Notice of Removal from that court to the United States District Court for the Western District of Texas, El Paso Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL BACKGROUND

1.1 On or about July 22, 2016, Plaintiffs filed Plaintiffs' Original Petition in the matter styled *Cesar And Graciela Contreras v. Allstate Texas Lloyd's,* Cause No. 2016DCV2777, pending in the County Court of Law No. 3 of El Paso County, Texas, in which Plaintiffs made a claim for damages to their home under a homeowner's insurance policy with Allstate Texas Lloyd's.

1.2 Plaintiffs served Defendant Allstate Texas Lloyd's ("Allstate") with Plaintiffs' Original Petition and process on August 1, 2016, by certified mail through its registered agent, CT Corporation System.

1.3 On or about August 11, 2016, Plaintiffs filed Plaintiffs' First Amended Original Petition and First Set of Discovery Requests to Defendants Allstate Texas Lloyd's and Kevin Young ("Plaintiffs' First Amended Original Petition").

1.4 On or about August 11, 2016, Plaintiffs filed Plaintiffs' Second Amended Original Petition and First Set of Discovery Requests to Defendants Allstate Texas Lloyd's and Kevin Young ("Plaintiffs' Second Amended Original Petition").[1]

1.5 Plaintiffs have not yet served Defendant Kevin Young ("Young") with Plaintiffs' Second Amended Original Petition.

1.6 Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed that clearly identifies each document and indicates the date the document was filed in state court. Attached as Exhibit "B" is a copy of the docket sheet and all documents filed in the state court action are attached as Exhibits "B-1" through Exhibit "B-7" as identified on the Index of Matters Being Filed.

## II.
## BASIS FOR REMOVAL

2.1 Defendant files this notice of removal within 30 days of receiving Plaintiffs' Original Petition. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

---

[1] Plaintiffs filed their First Amended Original Petition and Second Amended Original Petition on August 11, 2016. Allstate has not been served with either document and only became aware of their existence while preparing its Notice of Removal.

2.2 Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A. THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP AND THE COURT SHOULD DISREGARD THE CITIZENSHIP OF DEFENDANT KEVIN YOUNG BECAUSE HE HAS BEEN IMPROPERLY JOINED IN THIS LAWSUIT.**

2.3 Plaintiffs are, and were at the time the lawsuit was filed, natural persons and residents of El Paso County in the State of Texas and thus, are citizens of Texas. *See* Plaintiffs' Original Petition, ¶ 1. On information and belief, Plaintiffs intend to continue residing in Texas and is thus domiciled in Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4 Defendant Allstate Texas Lloyd's was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.[2] "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[3] The individual underwriters of Allstate Texas Lloyd's and their citizenship are as follows: 1). Donald J. Bailey – New Jersey; 2). Teresa J. Dalenta – Illinois; 3). Kimberley M. Bartos - Illinois; 4). William G. Hill – Illinois; 5). James W. Jonske – Illinois; 6). Katherine A. Mabe – Illinois; 7). Laurie Pellouchoud –

[2] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); *see also Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).

[3] "Fifth Circuit jurisprudence is equally clear." *See Massey*, 993 F. Supp. at 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

Illinois; 8). Richard J. Smith, Jr. – Illinois; 9). Myron E. Stouffer – Illinois; and 10.) Steven C. Verney - Illinois. Accordingly, Allstate Texas Lloyd's is a citizen of the States of Illinois and New Jersey. Allstate Texas Lloyd's is not a citizen of the State of Texas.

2.5 Defendant Young, although not a proper party to this lawsuit, is, and was at the time the lawsuit was filed, a citizen of the State of Texas. *See* Plaintiffs' Second Amended Original Petition, ¶ 2.3.

**B. DEFENDANT ADJUSTER, KEVIN YOUNG, HAS BEEN IMPROPERLY AND/OR FRAUDULENTLY JOINED IN THIS LAWSUIT.**

2.6 With respect to the claims against adjuster Defendant Young, it is Defendant Allstate's position that he has been fraudulently and/or improperly joined in this action and is therefore are not a proper party to this lawsuit. Therefore, the Texas citizenship of Defendant Young should be disregarded for the purposes of evaluating diversity in this matter.

2.7 The doctrine of fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Improper joinder is established where the defendant shows (1) actual fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802, *1 (S.D. Tex. Mar. 25, 2010).

2.8 The test for improper joinder is that "there is no reasonable basis for the circuit court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009). The court may conduct the test

using a Rule 12(b)(6) type analysis of the complaint to determine whether the plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id.* The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and improper joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.9 Here, Plaintiffs fail to offer any specific facts in support of their claims against adjuster Defendant Young and therefore fail to make the required "factual fit between [their] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). *See* Plaintiffs' Second Amended Original Petition, ¶ 5.9. Further, Plaintiffs' conclusory allegations are merely a recitation of the statutory language from Chapter 541 of the Texas Insurance Code and contain no reference to any material facts to which the law should apply. Plaintiffs fail to identify any Cause of Action against Defendant Young.

2.10 Repeating statutory language is not the same as pleading actionable facts to which a statute should apply. To the contrary, Plaintiffs' failure to mention any actionable facts related to the conduct of the adjuster Defendant Young constitutes a failure to state a claim and improper joinder of that party. *See, Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co* ., 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6

(E.D. Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent). Based upon the foregoing, adjuster Defendant Young has been improperly and/or fraudulently joined in this action to defeat diversity jurisdiction.

**C. THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.11 In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.12 This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiffs allege that Defendant is liable under a residential insurance policy because Plaintiffs made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiffs' claim.

2.13 Plaintiffs' demand letter of May 6, 2016 (*See* Exhibit C) states that Plaintiffs demand damages of $58,593.24 as well as treble damages "TBD." Plaintiffs seek 18% interest. *See* Plaintiffs' Second Amended Original Petition, ¶ 12.5. Plaintiffs seek three times actual damages. *See* Plaintiffs' Second Amended Original Petition, ¶¶ 12.4, 18.1 (the "Prayer"). Plaintiffs seek attorney's fees.[4] *See* Plaintiffs' Second Amended Original Petition, ¶¶ 12.5, 12.8. Plaintiffs seek such compensatory damages, exemplary damages and damages for emotional stress "as may be found." *See* Plaintiffs' Second Amended Original Petition, ¶¶ 12.6, 18.1. Plaintiffs seek to be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, and costs of court. *See* Plaintiffs' Second Amended Original Petition, ¶ 18.1. As such, Plaintiffs' claim for compensatory, treble and exemplary damages, attorney's fees, penalties, and interest greatly exceeds $75,000.00.

2.14 Although one sentence in Plaintiffs' Second Amended Original Petition alleges that they seek "monetary relief of $75,000.00" or less in damages, this allegation conflicts with the other demands and allegations set forth above and does not eliminate damages over $75,000.00 from controversy in this case. Paragraph 13.1 of Plaintiffs' Second Amended Original Petition expressly reserves the right to seek additional damages. In ¶ 18.1, they seek "actual damages, treble damages . . . and all punitive and exemplary damages as may be found."

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1 Defendant Allstate was served with Plaintiffs' Original Petition and process on August 1, 2016. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

[4] Regardless of the amount of actual damages sought, claims for attorney's fees through trial in a case of this nature can be significant. *See State Farm Lloyd's v. Hanson,* No. 14-15-0093-CV (Tex. App. Houston [14th Dist.] June 30, 2016).

3.2 Defendant Young has not been served and therefore, his consent to removal is not required. Additionally, he has been fraudulently joined solely to defeat diversity jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

3.3 Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.4 Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.5 Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.6 Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the El Paso County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1 Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Texas Lloyd's hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Roger D. Higgins*

Roger D. Higgins
State Bar No. 09601500
Vanessa Rosa
State Bar No. 24081769
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: vrosa@thompsoncoe.com
Email: rhiggins@thompsoncoe.com

AND

Sean C. White
State Bar No. 24042149
KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
Telephone: (915) 533-4424
Facsimile: (915) 546-5360
Email: sean.white@kempsmith.com

**ATTORNEYS FOR DEFENDANT ALLSTATE TEXAS LLOYD'S**

**CERTIFICATE OF SERVICE**

This is to certify that on August 31, 2016, a copy of this document was served to all Counsel of Record via electronic file notification and/or certified mail, return receipt requested to:

J. Michael Moore
The Moore Law Firm
4900 North 10th Street, Suite E-2
McAllen, Texas 78504

*/s/ Roger D. Higgins*
Roger D. Higgins