IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CESAR AND GRACIELA CONTRERAS,<br>*Plaintiffs* | §<br>§<br>§<br>§ | |
| vs. | § | NO. 3:16-CV-395-FM |
| ALLSTATE TEXAS LLOYDS,<br>*Defendant* | §<br>§<br>§<br>§ | |

## PLAINTIFFS' OPPOSED MOTION TO REMAND AND BRIEF IN SUPPORT

**TO THE HONORABLE JUDGE OF SAID COURT**:

COME(S) NOW, CESAR AND GRACIELA CONTRERAS, Plaintiff(s) in the above entitled and numbered cause (hereinafter referred to as "Plaintiffs") and file(s) this *Opposed Motion to Remand and Brief in Support* under 28 U.S.C. § 1447 (c); and as grounds thereof would respectfully show unto the Court the following:

### I. PROCEDURAL BACKGROUND

1. Plaintiffs sued defendant for causes of action including breach of contract, violations of the Texas Insurance Code and DTPA violations in the County Court at Law No. 3, El Paso County, Texas on July 22, 2016, in Cause No. 2016-DCV-2777.

2. Plaintiffs' Original Petition filed in the state court lawsuit sought monetary relief aggregating less than $75,000, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees. (ECF Doc. 1-2 at Pg. 41-42 of 108).

3. Defendant was served and answered in the subject state court lawsuit. (ECF Doc. 1-2 at Pg. 36-40 and 107-108 ).

4. Defendant removed the state court lawsuit to this Court on August 31, 2016. (ECF Doc. 1).

---

Plaintiff's Opposed Motion to Remand and Brief In Support                              1
MLF FILE NO. 400464

5. On September 28, 2016, Plaintiff filed a verified binding and irrevocable stipulation in this court stating that they do not seek and will not accept any award in excess of $74,999.99. (ECF Doc. 8).

## LOCAL RULE CV-7(i) CONFERENCE

6. Prior to filing this Motion to Remand, the undersigned counsel conferred in good faith with opposing counsel in an attempt to resolve the matter by agreement, without the necessity of court intervention, regarding remand to the state court since the binding stipulation clarified any ambiguity that opposing counsel alleged to exist regarding the amount in controversy and that the proposed stipulation established with legal certainty that the amount in controversy could never reach the minimum diversity jurisdictional amount of this Court. Counsel for Defendant requested permission from his client Allstate to agree to remand and the undersigned was advised by opposing counsel that the client refused to agree to remand of the case.

## II. ARGUMENT AND AUTHORITY

### A. Standard of Review When Considering Remand to State Court

7. The burden falls on the plaintiff seeking to defeat diversity jurisdiction to establish to a "legal certainty" that his claims are actually for less than the jurisdictional amount. *Allen v. R. & H. Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995), cert. den. 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119(1995). Plaintiffs can do so either by showing that a state law prohibits recovery in excess of the jurisdictional amount, or by filing a binding stipulation or affidavit with the complaint prior to removal stating that they do not seek and will not accept any award in excess of $75,000, and in this way prove that it is legally certain that

they cannot recover at least the jurisdictional amount. See, e.g., *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995). Such a stipulation will limit the amount in controversy in the case in an unambiguous manner. However, if the plaintiff does not so stipulate, and the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation to clarify the ambiguity by determining the amount that was in controversy as of the date of removal. *See, Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir.2000); *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993) cert denied, 510 U.S. 1041, 114 S. Ct. 685, 126 Led.2d 653 (1994). When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction. *Gebbia,* 233 F.3d at 883.

### B. At the Time of Removal of Plaintiff's State Court Lawsuit, the Amount in Controversy was clear and unambiguous from the Face of the Complaint.

8. Plaintiffs' Original Petition and First Set of Discovery Requests filed in the removed state court action is clear on the face of the complaint that Plaintiff, at the time of removal, sought "only monetary relief aggregating less than $75,000.00, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees." (ECF Doc. 1- 2, at Page 2 of 34). The statement limiting the amount of recovery and damages the Plaintiff would accept irrespective of any other consideration was reiterated four (4) times within the complaint at paragraphs 1.1, 1.2, 3.1 and 3.2, under the Statement of Jurisdiction. Such a statement of the Plaintiff is clear, unambiguous and states without reservation that Plaintiff will not seek a recovery in excess of $74,999.99. (ECF Doc. 1- 2, at Page 2 and 3 of 108). Therefore, on its face, the Plaintiff's complaint limited the amount of monetary damages that Plaintiff could have recovered to $74,999.99, and a facial review

of the complaint establishes with legal certainty the maximum limit of recovery for Plaintiff's claims. Thus remand is proper under the circumstance of this case. *Allen v. R. & H. Oil & Gas Co.*, 63 F.3d at 1335.

### C. Assuming Arguendo that Plaintiff's State Court Complaint on file at the time of Removal was Ambiguous, Plaintiff's Binding Stipulation Clarifies the Ambiguity, and Remand is proper.

9. In the alternative, in the event this Court should determine that Plaintiff's state court complaint was unclear or ambiguous in regard to the recovery sought as described within Plaintiff's Original Petition, post-removal affidavits can be used to clarify the amount in controversy. *See Gebbia v. Wal-Mart, Inc.* 233 F.3d at 883. If Plaintiff proves <u>to a legal certainty</u> that, if successful, Plaintiff would not be able to recover more than the jurisdictional amount of $75,000.00, the case must be remanded to state court. *See, McPhail v. Deere Co.,* 529 F.3d 947, 955 (10th Cir. 2008). Here, Plaintiff has filed a verified Stipulation, which irrevocably limits the amount of recovery in the instant case, precluding any possibility of a recovery in excess of the minimum diversity jurisdictional limit of this Court, and in the State Court below, if remand were granted. (ECF Doc. No. 8). The Stipulation of Damages clarifies, with legal certainty the fact that at the time the state court proceeding was commenced the Plaintiff sought recovery of only $74,999.99. *See, Gebbia,* 233 F.3d at 883.

### III. CONCLUSION

10. The court should remand this case to state court because the amount in controversy at the time of removal was less than $75,000.00. 28 U.S.C. § 1332(a). (*See,* Plaintiff's Original Petition and Request for Discovery (ECF Doc. No. 1-2, at Paragraphs 1.2 and 3.1). As Plaintiff has affirmatively pled that the amount in controversy does not

exceed $75,000.00, and by this motion and exhibits unequivocally clarified the statement and averments contained therein, this Honorable Court does not have subject matter jurisdiction based upon diversity, and remand is proper.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court remand this cause of action to the original court in which this case was filed and for any and all other relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**THE MOORE LAW FIRM**

By:   /s/ J. Michael Moore
       J. Michael Moore
       State Bar No. 14349550
       Fed. I.D.:
       4900 North 10th Street Ste. E-2
       McAllen, Texas 78504
       Telephone: (956) 631-0745
       Telecopier: (888) 2660971
       Email: Lit-Docket@moore-firm.com

**THE HARBOUR LAW FIRM, P.C.**

By:   /s/ Cori A. Harbour-Valdez
       Cori A. Harbour-Valdez
       State Bar No. 24004685
       Fed. I.D.:
       P.O. Box 13268
       Telephone: (915) 544-7600
       Facsimile:  (915) 975-8036
       Email: cori@harbourlaw.net

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this 29th day of September 2016, a true and correct copy of the above and foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

Sean Carroll White
Kemp Smith, LLP
221 N. Kansas, Suite 1700
El Paso, Texas 79901
Telephone: (915) 533-4424
Fax: (915) 546-5360
Email: swhite@kempsmith.com

Roger D. Higgins
Thompson, Coe, Cousins & Irons
700 N. Pearl Street -25th Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Fax: (214) 871-8209
Email: rhiggins@thompsoncoe.com

Brandt R. Johnson
Thompson, Coe, Cousins & Irons,
L.L.P.  700 N. Pearl St. - 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8294
Fax: (214) 871-8209
Email: brjohnson@thompsoncoe.com

*/s/ J. Michael Moore*
J. Michael Moore