IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CESAR CONTRERAS and GRACIELA CONTRERAS, | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | EP-16-CV-00395-FM |
| ALLSTATE TEXAS LLOYD'S, | § § | |
| **Defendant.** | § § | |

## ORDER DENYING PLAINTIFFS' OPPOSED MOTION TO REMAND AND BRIEF IN SUPPORT

On this day, the court considered "Plaintiffs' Opposed Motion to Remand and Brief in Support" ("Motion") [ECF No. 9], filed September 29, 2016 by Cesar Contreras and Graciela Contreras ("Plaintiffs"); "Defendant's Response to Plaintiffs' Opposed Motion to Remand and Brief in Support" ("Response"), [ECF No. 11], filed September 29, 2016 by Allstate Texas Lloyd's ("Defendant"); "Reply to Defendant's Response to Plaintiffs' Motion to Remand and Brief in Support" ("Reply") [ECF No. 13], filed September 29, 2016 by Plaintiffs; and "Allstate Texas Lloyds' Sur-Reply to Plaintiffs' Opposed Motion to Remand" ("Sur-Reply") [ECF No. 29], filed December 14, 2016 by Defendant. After considering the Motion, Response, Reply, Sur-Reply, and applicable law, the Motion is **DENIED**.

## I.     BACKGROUND

This cause centers on an insurance dispute between Plaintiffs and Defendant.[1]  Plaintiffs own property located at 208 Oscar Alvarez Court, El Paso, Texas 79927 (the "Property")[2] and purchased an insurance policy from Defendant to insure against certain losses on the Property.[3]  On or about October

---

[1] *See* "Defendant Allstate Texas Lloyd's Notice of Removal" ("Notice of Removal"), ECF No. 1, Ex. B, ECF No. 1-2, at 2, "Plaintiffs' Original Petition and First Set of Discovery Requests" ("Original Petition"), filed Aug. 2, 2016.

[2] Original Pet. 3 ¶ 5.2

[3] *Id.* ¶ 5.1.

6, 2015, a hail/wind storm occurred in El Paso County and caused damage to the Property.[4]  Plaintiffs

allege Defendant did not adequately compensate them for the losses incurred from the storm.[5]

On May 6, 2016, Plaintiffs' counsel mailed Defendant's counsel its "Notice of Claim/Demand

and Offer to Mediate" ("Demand Letter").[6]  On July 22, 2016, Plaintiffs filed their Original Petition in El

Paso County Court at Law 3.[7]  Therein, Plaintiffs state their "monetary request for relief is less than

$75,000, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and

attorney fees."[8]  Plaintiffs also state the suit falls under the expedited actions process of Texas Rule of

Civil Procedure 169 "because claimant seeks only monetary relief aggregating less than $75,000,

including damages of any kind, penalties, court costs, expenses, prejudgement interest, and attorney

fees."[9]

On August 31, 2016, Defendant removed this cause to federal court.[10]  On September 28, 2016,

Plaintiffs filed their "Stipulation of Damages" ("Stipulation").[11]  The Stipulation states:

> Plaintiff stipulates, agrees, acknowledges, and confirms that Plaintiff cannot and will not
> seek, request, receive, recover, or accept leave of court in the future to amend Plaintiff's
> complaint/petition to seek damages in excess of $74,999.99.
>
> Plaintiff stipulates, agrees, acknowledges, and confirms that Plaintiff cannot and will not
> seek, request, receive, recover, or accept [d]amages in excess of $74,999.99 in this suit even

---

[4] *Id.* ¶ 5.3.

[5] *See generally id.*

[6] Notice Removal, Ex. C, ECF No. 1-3.

[7] Original Pet. 1.

[8] *Id.* ¶ 1.2

[9] *Id.* ¶ 1.1.

[10] Notice Removal 1.

[11] ECF No. 8.

if Plaintiff is awarded more than such amount by a judge or jury.[12]

On September 1, 2016, Plaintiffs filed their Motion requesting this cause be remanded to state court, asserting the amount in controversy does not meet the jurisdictional minimum of this court.

A.      *Parties' Arguments*

Plaintiffs first assert that the amount in controversy was clear from the face of their Original Petition, which states they sought "only monetary relief aggregating less than $75,000.00, including damages of any kind, penalties, court costs, expenses, prejudgement interest, and attorney fees."[13] Plaintiffs assert the statements in the Original Petition limiting recovery are "clear, unambiguous[,] and state[] without reservation that Plaintiffs will not seek a recovery in excess of $74,999.99."[14]  Plaintiffs' second argument is that if the Original Petition was unclear, the court can consider their post-removal Stipulation to clarify the amount in controversy.[15]  Accordingly Plaintiffs asserts the case must be remanded for lack of subject matter jurisdiction as the amount in controversy does not meet the $75,000 minimum of this court.

 Defendant responds that the court should not defer to Plaintiffs' pleading.  Defendant contends the damages-limiting statement in the Original Petition is "a clear attempt to avoid federal jurisdiction,"[16] and as such, the pleading was not made in good faith.[17]  Defendant alleges Plaintiffs' limitation on damages in the Original Petition conflicts with the Demand Letter, which seeks pre-suit attorneys fees as

---

[12] *Id.* ¶¶ 2–3.

[13] Mot. 3 ¶ 8.

[14] *Id.*

[15] *Id.* at 4 ¶ 9.

[16] Resp. 3–4 ¶ 7.

[17] *Id.* 2–3 ¶ 4.

well as attorneys' fees for trial and appeal, pre-judgment and post judgment interest, and costs of court.[18]
Defendant also contends the damages-limiting statement is in conflict with the requests for damages in
the Original Petition, which seeks three times the actual damages, 18% interest, and compensatory
damages for emotional stress.[19]  Further, Defendant asserts the Original Petition violates Texas Rule of
Civil Procedure 47 ("Rule 47") by pleading an amount of damages that is not one of the five ranges listed
in the rule.[20]  Additionally, Defendant alleges that because Texas law does not prohibit a jury from
awarding more than the amount sought in the pleadings, Plaintiffs' "affirmation, without more, does not
provide sufficient certainty that Plaintiff[s] would not be able to recover more in state court than the
amount Plaintiff[s] . . . seek."[21]  Finally, Defendant contends the court should not consider the Stipulation
because it was filed after removal.[22]

In Reply, Plaintiffs aver they are bound by the statement in their Original Petition, and thus they
cannot recover more than $74,999.99.[23]  Plaintiffs assert that after the Demand Letter was rejected, they
filed their case intentionally limiting their recovery to less than $75,000.[24]  Plaintiffs aver their Original
Petition was made in good faith pursuant to Texas Rule of Civil Procedure 47.[25]  Plaintiffs further
contend that, if the amount in controversy is unclear, the court may consider their Stipulation.[26]

---

[18] *Id.* at 3–4 ¶ 7.

[19] *Id.*

[20] *Id.* at 3 ¶ 5.

[21] *Id.* at 4 ¶ 8.

[22] Resp. 5–6 ¶¶ 10–11.

[23] Reply at 1 ¶ 1, 2–3 ¶ 4.

[24] *Id.* at 6 ¶ 14.

[25] *Id.* at 4 ¶¶ 7–8.

[26] *Id.* at 3–4 ¶ 6.

Plaintiffs assert the burden is on Defendant to show that this court has jurisdiction since the Original Petition states an amount in controversy that does not fall within the limits of this court.[27]  Finally, Plaintiffs allege that any ambiguities regarding this court's jurisdiction be construed against removal.[28]

In Sur-Reply, Defendant alleges that when a plaintiff specifically pleads damages below $75,000, the defendant can demonstrate by a preponderance of the evidence that the amount in controversy is in excess of the jurisdictional minimum.[29]  Defendant contends it has done so here, and thus to avoid federal jurisdiction, Plaintiffs must demonstrate "with legal certainty" that they are not able to recover more than $75,000.[30]  Asserting Plaintiffs have not made such a showing, Defendant avers the case must remain in federal court.[31]  Defendant argues the "judicial admission" made in the Original Petition does not preclude federal jurisdiction as it was made in bad faith and thus it does not meet the legal certainty requirement.[32]

## II.   <u>APPLICABLE LAW</u>

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."[33]  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court

---

[27] *Id.* at 5 ¶¶ 11–12.

[28] *Id.* at 6 ¶ 15.

[29] Sur-Reply 1 ¶ 1.

[30] *Id.* at 1–2 ¶ 1.

[31] *Id.* at 2 ¶ 2.

[32] *Id.* at 2–3 ¶¶ 3–4.

[33] 28 U.S.C. § 1332(a)(1).

of the United States for the district and division embracing the place where such action is pending."[34]

In most circumstances "the sum demanded in good faith in the initial pleading shall be determined to be the amount in controversy."[35]  However, this sum is not accepted as the amount in controversy if the pleading is made in bad faith.[36]  It is considered bad faith when a plaintiff pleads damages below the federal jurisdictional amount in state court when the claim is worth more in an attempt to "evade federal jurisdiction by virtue of the pleading."[37]  The amount in controversy stated in the pleading will also not control when pleading a specific sum in damages is prohibited by state law.[38]  When the amount in controversy in the original pleading does not control, the removing defendant can demonstrate federal jurisdiction is proper by "prov[ing] by a preponderance of the evidence that the amount in controversy exceeds $75,000."[39]  "The defendant may prove [the amount in controversy exceeds $75,000] either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount."[40]  The court may rely on "summary judgement-type" evidence to determine the amount in controversy.[41]  Courts have considered

---

[34] *Id.* § 1441(a).

[35] *Id.* § 1446(c)(2).

[36] *See De Aguilar*, 47 F.3d at 1410 ("The inquiry . . . does not end merely because the plaintiff alleges damages below the threshold.  The face of the plaintiff's pleading will not control if made in bad faith.").

[37] *Id.* (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985)).

[38] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *See also Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003) (citation omitted).

[39] *Id.*

[40] *Id.* at 882–83.

[41] *St. Paul Reins. Co.. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

pre-suit demand letters in determining the amount in controversy.[42]

If the removing defendant meets its burden in demonstrating the amount in controversy exceeds the jurisdictional minimum, the case should remain in federal court unless a plaintiff demonstrates to a "legal certainty" that the claims do not exceed $75,000.[43]  To make such a showing, a plaintiff could, for example, cite to a state law prohibiting recovery of greater than $75,000 have filed a binding stipulation with the original pleading that limits recovery to $74,999.99.[44]

Jurisdiction is determined "on the basis of claims in the state court complaint as it exists at the time of removal."[45]  If a district court has diversity jurisdiction over a case at the time of removal, then post-removal events reducing the amount in controversy ordinarily will not deprive the court of jurisdiction.[46]  Even if the plaintiff, "by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."[47]  Post-removal affidavits can only be considered if the basis for jurisdiction is ambiguous at the time of removal.[48]  When a federal court has jurisdiction over a case before it, the court has a "virtually

---

[42] *See generally Hartford Ins. Group v. Lou-Con Inc.,* 293 F.3d 908 (5th Cir. 2002) (per curiam); *see also Greenburg,* 134 F.3d at 1254–55 (examining a pre-suit demand letter to determine whether the amount in controversy was satisfied); *Wilson v. Belin,* 20 F.3d 644, 651 n.8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating the amount in controversy exceeded [the jurisdictional amount], it is 'apparent' that removal was proper") (citation omitted); *Molina v. Wal-Mart Stores Texas, L.P.,* 535 F.Supp.2d 805, 808 (W.D. Tex. 2008) (citations omitted) ("Pre-suit demand letters may be submitted as evidence to demonstrate the amount in controversy exceeds $75,000").

[43] *De Aguilar,* 47 F.3d at 1412 (citation omitted).

[44] *Id.* (citation omitted).

[45] *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995).

[46] *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938).

[47] *Id.*

[48] *Gebbia,* 233 F.3d at 883.

unflagging obligation . . . to exercise the jurisdiction . . . ."[49]

In evaluating a motion to remand, the party seeking removal "bears the burden of showing that federal jurisdiction exists and that removal was proper."[50]  Any doubts regarding the existence of removal jurisdiction should be resolved in favor of remand.[51]

## III.    DISCUSSION

A.    *Whether the Court Accepts Plaintiffs' Statement Limiting Damages in the Original Petition*

Rule 47 requires plaintiffs to state a range of damages.  Specifically, plaintiffs must set forth:

An original pleading which sets forth a claim for relief, [which]. . . shall contain . . . a statement that the party seeks:

(1)    only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
(2)    monetary relief of $100,000 or less and non-monetary relief; or
(3)    monetary relief over $100,000 but not more than $200,000; or
(4)    monetary relief over $200,000 but not more than $1,000,000; or
(5)    monetary relief over $1,000,000[52]

The earlier version of Rule 47 required plaintiffs requesting unliquidated damages to state that the amount of damages did not exceed the jurisdictional limits of the court, but did not request any specificity with regard to the amount of damages requested.[53]  In fact, Fifth Circuit case law interpreting the earlier version of Rule 47 made clear that pleading a specific amount of damages was prohibited by Texas Law.[54]  Accordingly, pleadings that stated specific amounts of damages did not control the amount

---

[49] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citations omitted).

[50] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citation omitted).

[51] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).

[52] Tex. R. Civ. P. 47(c).

[53] *De Aguilar*, 47 F.3d at 1412–13. (explaining that the prior version of Rule 47 required a pleading for unliquidated damages to contain "only the statement that the damages sought [were] within the jurisdictional limits of the court") (quoting Tex. R. Civ. P. 47(b)).

[54] *Id.* (explaining it violated Texas rules to plead a specific amount of damages).

8

in controversy under the prior rule.[55]   The earlier version of Rule 47 differs from the current Rule 47, which requires plaintiffs to set forth one of the ranges of damages listed in the rule.[56]   The Fifth Circuit has not yet considered whether the current version of Rule 47 permits plaintiffs to plead an amount of damages other than one of the pre-defined ranges.   However, the plain text of the current version of Rule 47 does not suggest plaintiffs are permitted to plead anything other than one of the five pre-defined ranges of damages.   Additionally, several other district courts considering this question have found pleading an amount of damages other than one of the defined ranges is impermissible.[57]   Considering the caselaw regarding the earlier version of Rule 47, which prohibits plaintiffs from pleading a specific amount of damages, alongside the current Rule 47, which requires plaintiffs to plead one of five ranges of damages, it is clear it violates Rule 47 for plaintiffs to plead an amount of damages other than one of the pre-determined amounts.

Accordingly, Plaintiffs' statement in the Original Petition that they sought "only monetary relief aggregating less than $75,000, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees," violates Rule 47, as Rule 47 requires plaintiffs to state a range

---

[55] *Id.* at 1413.

[56] *See* Tex. R. Civ. P. 47(c).

[57] *See Martinez v. Allstate Texas Lloyds*, 7:16-CV-00494, 2016 WL 6122728 at *1 (S.D. Tex. Oct 20, 2016) ("[Rule 47] prohibits a plaintiff from declaring a specific amount in controversy"); *Chavez v. State Farm Lloyds*, 7:15-CV-00487 at *3 (S.D. Tex. Feb. 18, 2016) ("[W]hile [Rule 47] was amended 'to require a more specific statement of the relief sought by a party,' Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000.  Thus [such] a specific demand . . . 'is surely characterized as bad faith.'") (citations omitted); *Ford v. United Parcel Service*, 3:14-CV-1872-D, 2014 WCL 6491446 at *(N.D. Tex. Nov. 20, 2014) ("[A]s amended, Rule 47(c) requires that Texas plaintiffs plead certain predefined damage ranges, and . . . there is no provision in Rule 47 permitting a plaintiff to plead for damages 'not to exceed $74,000' . . . although [the plaintiff] asserts that revised Rule 47(c) permits her to plead a specific amount rather than a range . . . th[is] court is bound by *De Aguilar*, the law of this circuit, unless and until it is changed."); *Wilson v. Hibu Inc.*, 3:13-cv-2012-L, 2013 WL 5803816 at *5 (N.D. Tex. Oct. 28, 2013) ("[T]he plain language of the rule has no provision for a plaintiff limiting her damager to $75,000 or less.  Had [the plaintiff] properly followed Rule 47, she would not have included the '$75,000 or less' language, as the rule is quite specific as to what a party must set forth with respect to the monetary relief he or she seeks.").

of damages selected from an list, and "less than $75,000"[58] is not on the list. Additionally, the damages-limiting statement in the Original Petition is a clear attempt to avoid federal jurisdiction.[59] The amount in controversy stated in the pleading will not control if made in bad faith.[60] Therefore, the damages-limiting statement in the Original Petition does not determine the amount in controversy in this cause.[61]

       B.    *Whether Defendant Has Shown, By a Preponderance of the Evidence, That the Amount in Controversy is Within the Jurisdiction of This Court*

Defendant contends the Original Petition and pre-suit demand letter demonstrate the amount in controversy exceeded $75,000 at the time of removal. The Original Petition seeks: (1) actual damages; (2) damages for mental anguish; (3) treble damages; (4) 18% annual interest; and (5) attorneys' fees.[62] These requests for damages support a finding that the amount in controversy exceeds $74,999.99.[63]

Additionally, as evidence of the amount in controversy, Defendant has provided the Demand Letter. The Demand Letter requests $29,533.77 for structural damages, $20,000.00 for mental anguish, $5,000.00 for attorneys' fees, $3,116.82 for the 18% interest, and $1,690.03 for pre-judgment interest at 5% per year.[64] The letter subtracts $747.38 for the deductible and amounts already paid, resulting in a

---

[58] Original Pet. 1 ¶ 1.1.

[59] *See De Aguilar*, 47 F.3d at 1408 (finding that a pleading stating damages are "barely within the statutory limit" is "[a]s a functional matter . . . [an] attempt[] to avoid federal jurisdiction.").

[60] *Id.* at 1410.

[61] *See Chavez*, 2016 WL 641634 at *2 (holding that when a plaintiff's pleading stated her damages were "less than $75,000.00," this sum did not control).

[62] Original Pet. 16 ¶¶ 12.4, 12.5.

[63] *Gebbia*, 233 F.3d at 882–83 ("The defendant may prove [the jurisdictional amount] either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount.") (citations omitted).

[64] Demand Letter 6–7.

total demand of $58,593.24.[65] At a minimum, the structural damages may be trebled.[66]  Trebling the

structural damages results in a claim for $88,601.31.  Combining the trebled structural damages with the

other requested damages, Defendant has shown by a preponderance of the evidence that the amount in

controversy exceeds $75,000 and places this case within the jurisdictional limits of this court.

> C.   *Whether Plaintiffs' Can Show the Amount In Controversy Does Not Exceed $75,000 To a Legal Certainty*

As Defendant has shown by a preponderance of the evidence that the amount in controversy

exceeds $75,000, Plaintiffs can only defeat federal jurisdiction by showing, to a legal certainty, that they

cannot recover more than $75,000.00.  Plaintiffs attempt to do this in two ways: 1) by means of the

damages-limiting statement in the Original Petition, and (2) by means of the Stipulation.

> 1.   The Statement in the Original Petition Does Not Limit Damages to a Legal Certainty

Plaintiffs assert the amount in controversy does not exceed $75,000 because their statement in

the Original Petition was a "binding judicial admission" preventing them from seeking more than

$75,000.  While Texas pleadings are "judicial admissions," if a pleading is "abandoned, superseded, or

amended, it ceases to be a judicial pleading, and therefore ceases to be a judicial admission."[67]  The

Texas Rules of Civil Procedure give plaintiffs wide latitude in amending their pleadings.[68]  Plaintiffs

have not indicated how the statement in their Original Petition would not be superseded by an amended

---

[65] *Id.*

[66] *See* Tex. Ins. Code § 541.152(b) (allowing an award of up to three times actual damages).

[67] *Kirk v. Head*, 152 S.W.2d 726, 729 (Tex. 1931), *superseded on other grounds by* Tex. R. Evid. 801(e)(2), *as recognized in Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007).

[68] *See* Tex. R. Civ. P. 63 ("Parties may amend their pleadings . . . as they may desire by filing such pleas with the clerk at such time not as not to operate as a surprise to the opposite party; provided, that any pleadings . . . offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge . . . shall be filed only after leave of the judge is obtained, *which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.*") (emphasis added).

complaint asserting a greater amount in controversy.[69]

At best, Plaintiffs have shown their recovery would be limited to $100,000 because they filed their complaint under Texas Rule of Civil Procedure 169 for expedited actions, which limits recovery to $100,000.[70]  This fails to demonstrate that Plaintiffs would not recover more than $75,000.  Moreover, cases can be removed from the expedited actions process, making it unclear that recovery would even be limited to $100,000.[71]  Finally, Plaintiffs have not pointed to any state law that would limit their recovery to a maximum of $74,999.99 if they were awarded more, and statements in the pleadings do not limit recovery.[72]  Accordingly, Plaintiffs' argument that the damages-limiting statement in the Original Petition provides legal certainty that the amount in controversy does not exceed $75,000 is unavailing.

2.    The Court Will Not Consider the Post-Removal Stipulation

Plaintiffs also assert this court should consider the Stipulation to clarify ambiguity regarding the amount in controversy.  As the Stipulation binds Plaintiffs to recovery of no more than $74,999.99, Plaintiffs contend this demonstrates the requisite legal certainty.

It is only appropriate to consider post-removal stipulations if the amount in controversy was ambiguous at the time of removal.[73]  However, the requests for damages in the Original Petition and

---

[69] See Tex. R. Civ. P. 65 ("Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as part of the pleading in the record of the cause . . .").

[70] See Tex. R. Civ. P. 169(b)  ("In no event may a party who prosecutes a suit under this rule recover a judgment in excess of $100,000, excluding post-judgment interest.").

[71] See Tex. R. Civ. P. 169(c).

[72] See De Aguilar, 47 F.3d at 1410 ("The majority of states [follow the federal rules] and do not limit damage awards to the amount specified in the *ad damnum* clause of the state pleading") (citation omitted); *see also Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 869 (5th Cir. 2002) ("The category of laws that the *De Aguilar* panel appears to have had in mind are those embodying a familiar maxim that a court may award more in damages than the plaintiff demands.").

[73] *Gebbia*, 233 F.3d at 883 ("While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may only be considered only if the basis for jurisdiction is ambiguous at the time of removal.") (citations omitted).

Demand Letter make clear that the amount in controversy was not ambiguous at the time of removal. Accordingly, this court will not consider the Stipulation.  Therefore, Plaintiffs have this not demonstrated to a legal certainty that they cannot recover more than $75,000.00.

## IV.    CONCLUSION

The damages-limiting statement in the Original Petition was made in bad faith.  Defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiffs have failed to prove to a legal certainty otherwise.  "Plaintiffs' Opposed Motion to Remand and Brief in Support" [ECF No. 9] is **DENIED.**

**SO ORDERED**.

**SIGNED** this **6th** day of **January, 2017.**

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**